**UNITED STATES of America, Plaintiff–Appellee,**

v.

**David Arnold FELDMAN, Defendant–Appellant.**

**No. 91–50633.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 1992.

Decided Dec. 17, 1992.

David Arnold Feldman, Phoenix, Ariz., pro. per., for defendant-appellant.

Leslie Swain and Sharon McCaslin, Asst. U.S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before FLETCHER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

ORDER

This court has already ruled on Feldman's appeal of his mail fraud conviction, affirming his conviction but vacating his sentence and remanding for resentencing. *See United States v. Feldman*, No. 90–50470, 949 F.2d 399, unpub. op. (9th Cir. Dec. 5, 1991) (mandate stayed pending decision in the instant case). While the appeal on the merits was pending, Feldman moved to have the trial judge, Judge Tevrizian, recused. The recusal motion was referred to Judge Kenyon, who denied Feldman's motion on August 19, 1991, and again on August 26, 1991 upon a motion for reconsideration. Feldman appealed September 5, 1991.

Subsequently, on September 16, 1991, Judge Tevrizian sua sponte recused himself in part from Feldman's case. Judge Tevrizian recused himself "only with regard to the administration of the receivership and receivership estate regarding this Court's order of restitution" because he "own[ed] shares of stock in Security Pacific National Bank," and "[i]n August, 1991, Bank of America and Security Pacific National Bank announced their intention to merge

into a single entity."[1] Judge Tevrizian ruled that he would "retain jurisdiction over all other aspects of this case."

 The judicial recusal statutes, 28 U.S.C. §§ 144 and 455, both speak of a federal judge being reassigned or disqualified from a "proceeding." Section 455 defines "proceeding" to include "pretrial, trial, appellate review, or other stages of litigation." 28 U.S.C. § 455(d)(1). Thus, when a judge determines that recusal is appropriate it is not within his discretion to recuse by subject matter or only as to certain issues and not others. Rather, recusal must be from a whole proceeding, an entire "stage of litigation." We hold that remand to the district court following appellate review is a "stage of litigation," and accordingly, that recusal from only a portion of the proceedings on remand in Feldman's case is not permitted under the recusal statutes.

Although there is no basis from which to draw an inference of actual bias in this case, Judge Tevrizian was prudent to recuse himself following the announcement of the bank merger to avoid the appearance of bias. Having removed himself from the restitution portion of Feldman's resentencing, however, it was erroneous for Judge Tevrizian to "retain jurisdiction over all other aspects" of the case. We conclude that the recusal statutes require complete recusal from a proceeding.

For the foregoing reasons, we vacate Judge Kenyon's orders denying Feldman's recusal motions. We remand with instructions that this case be reassigned to a judge other than Judge Tevrizian.

VACATED and REMANDED with INSTRUCTIONS.

---

**1.** As part of Feldman's original sentence, he was ordered to pay $70 million in restitution to Bank of America.