[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 99-12194

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13, 2001
THOMAS K. KAHN
CLERK

D. C. Docket No. 94-01266-CV-D-N

BRADLEY MURRAY, as a member and legal
representative of the Bass Anglers Sportsman
Society,

                                        Plaintiff-Appellant,

        versus

RAY W. SCOTT, JR.,
B.A.S.S., INC., et al.

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(June 13, 2001)**

Before EDMONDSON and BIRCH, Circuit Judges, and SHAPIRO*, District
Judge.

_____
*       Honorable Norma L. Shapiro, U.S. District Judge for the Eastern District of
        Pennsylvania, sitting by designation.

EDMONDSON, Circuit Judge:

This appeal is about judicial recusal.  Because we conclude that the district court judge should have recused himself from this case, we vacate the judgment and remand for further proceedings.

I.

Plaintiff Bradley Murray, a member of the Bass Anglers Sportsman Society (BASS), brought suit individually and on behalf of approximately 500,000 other BASS members against Bass Anglers Sportsman Society, Inc. (BASS, Inc.) and its officers, claiming that BASS, Inc. fraudulently converted BASS funds and property.[1]  Plaintiff initiated the litigation in the district court of Kansas, but the Kansas district judge transferred the case to the Middle District of Alabama.  Murray v. Sevier, 156 F.R.D. 235, 257 (D. Kan. 1994).  The case was assigned to Judge Ira DeMent.  Relying largely on some acts that Judge DeMent had taken in regard to BASS before he became a judge, Plaintiff moved to recuse Judge DeMent; the motion was denied.

---

[1]We may at times refer to BASS and BASS, Inc. collectively as BASS.  But our reference to BASS or BASS, Inc. in this opinion carries no legal significance, and we make no legal determination about the status of BASS or BASS, Inc.

In his fifth amended complaint, Plaintiff claimed that when Defendant Ray W. Scott, Jr. first formed BASS in 1967, it was an unincorporated association dedicated to promoting conservation and bass fishing. BASS sponsored bass fishing tournaments and communicated with its members through BASS Masters Magazine. In 1969, Scott filed a certificate of incorporation for BASS, Inc. under the laws of Alabama. Plaintiff claims that Scott convinced potential members that they were joining a non-profit entity devoted to promoting bass fishing, conservation, and youth fishing when they were actually joining BASS, Inc., a for-profit entity. Plaintiff claims that under this "shell game" Scott was siphoning off members' dues for his own personal benefit. Defendant responds that BASS was founded as a membership club owned and operated for profit by Scott.

Both sides filed summary judgment motions on various grounds. The district court granted summary judgment for Defendants and certified the order for appeal under Fed. R. Civ. P. 54(b).

## II.

Plaintiff argues that Judge DeMent abused his discretion when he did not recuse himself from this case under 28 U.S.C. § 455. Congress amended the

recusal statute in 1974, which "liberalize[d] greatly the scope of disqualification in the federal courts." United States v. State of Alabama, 828 F.2d 1532, 1541 (11th Cir. 1987). Under section 455, a judge has a "self-enforcing obligation to recuse himself where the proper legal grounds exist." Id. at 1540. Most important, the benefit of the doubt must be resolved in favor of recusal. Id. We review a judge's decision to recuse for abuse of discretion. McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir. 1990).

A.

As an initial matter, both parties have argued that the characterization of the "threshold" issue of the merits portion of the litigation is relevant to determine whether Judge DeMent should have been recused.[2] But when a district judge considers recusal, he must consider his potential conflict with regard to the overall

---

[2]Judge DeMent characterized the threshold issue as "whether Plaintiff has met his burden and proven that BASS, prior to its incorporation in 1969, was created as an unincorporated association." Murray v. Sevier, 50 F. Supp. 2d. 1257, 1274 (M.D. Ala. 1999). Thus, to resolve the threshold issue, only evidence before the 1969 incorporation was relevant, and the later 1970 BASS lawsuit in which Judge DeMent participated was "not relevant to the present determination." Id. Because Judge DeMent concluded that BASS was not operating as an unincorporated association in 1967, he never reached the ultimate issue and instead dismissed the case. So Judge DeMent considered no evidence of which he allegedly had prior knowledge or participation.

case, not just his potential conflict for each separate issue or each stage of the litigation. See United States v. Feldman, 983 F.2d 144, 145 (9th Cir. 1992) ("[W]hen a judge determines that recusal is appropriate it is not within his discretion to recuse by subject matter or only as to certain issues and not others."). Thus, even though some historical evidence involving Judge DeMent may not have been pertinent to resolve the threshold issue (whether BASS was created as an unincorporated association), such evidence -- depending on how DeMent resolved the threshold issue -- might become relevant to resolve the ultimate issue: whether BASS Inc. fraudulently absorbed the assets of BASS. So we must review Judge DeMent's decision not to recuse himself in the light of the ultimate issue in the case at the time of recusal. That Judge DeMent defined and ruled on a potentially dispositive threshold issue means nothing to our review of Judge DeMent's recusal decision.[3]

B.

Plaintiff points to a series of facts that Plaintiff says require Judge DeMent's

---

[3]We note that Judge DeMent ruled on the recusal issue in March, 1996, but did not define or rule on the "threshold issue" until June 1999.

recusal in this case. First, in 1970, Morris Dees, an attorney representing BASS, mailed a letter to DeMent, then United States District Attorney for the Middle District of Alabama, informing DeMent that some companies were depositing refuse into streams without a permit, allegedly in violation of 33 U.S.C. § 407. Dees referred to his client as "Bass Anglers Sportsman Society of America, Inc." but also described the entity as "a national association of bass fishermen." Plaintiff argues that this letter shows that in 1970, Defendant held itself out to DeMent as a national association and failed to reveal its for-profit status.

Second, DeMent, in 1970, was mentioned in the complaint and served as counsel of record in an unsuccessful civil suit filed by BASS against industrial plants and the government for violation of 33 U.S.C. §407. See Bass Angler Sportsman Society v. United States Steel Corp. 324 F. Supp. 412, 413 (S.D. Ala. 1971). Attorney Dees' letter to DeMent served as the prerequisite for the lawsuit and was attached to the 1970 complaint in an effort to establish standing to enforce the federal statute.[4]

Third, as counsel of record in the 1970 litigation, DeMent filed a brief on behalf of the government defendants. The caption of that brief lists the plaintiff as

---

[4]The suit was ultimately dismissed for lack of standing because the statute that plaintiffs sought to enforce provided only for criminal sanctions; no civil action existed to enforce it. B.A.S.S., 324 F. Supp. at 415. The issues of associational standing and the status of plaintiff as an unincorporated association or a for-profit corporation were not litigated.

6

"Bass Anglers Sportsman Society, Inc.," but then refers to the plaintiff as "Bass Anglers Sportsman Society" in the body of the brief. Plaintiff argues that this brief demonstrates that DeMent, as counsel of record in federal court, took the position that BASS and BASS Inc. existed as the same entity.

Fourth, Plaintiff notes that during a status conference in the present case, Judge DeMent referred to BASS/BASS Inc. as a business. Also, during the summary judgment hearing, Defendant said that BASS Inc. filed the 1970 BASS lawsuits; but Judge DeMent recalled seeing a television interview where Scott and Dees claimed to have filed the lawsuits.

Fifth, Plaintiff alleges that Judge DeMent shares a 30-year friendship with Dees and that he is associated with people known to be politically associated with Scott.

C.

Plaintiff says that these facts implicate the federal recusal statute. 28 U.S.C. §455. Section 455(b) requires disqualification under certain circumstances, for example, when a judge has "personal knowledge of disputed evidentiary facts," §455(b)(1), when a judge "served in governmental employment and . . .

7

participated as counsel . . . concerning the proceeding," §455(b)(3), or when a judge is "likely to be a material witness in the proceeding." §455(b)(5)(iv).[5]  Under this provision, recusal is mandatory.  In such situations, "the potential for conflicts of interest are readily apparent."  State of Alabama, 828 F.2d at 1541.

Plaintiff argues that Judge DeMent has personal knowledge of disputed evidentiary facts based on his involvement with the 1970 litigation, in which DeMent participated as counsel of record, filed a brief, and received a letter from a BASS/BASS, Inc. attorney.[6]    A district judge who previously served as counsel of record for a related case may be disqualified.  State of Alabama, 828 F.2d at 1545-46.  State of Alabama involved the desegregation of Alabama's higher

---

[5]Plaintiff also relies on section 455(a), which requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. §455(a).

We do not rely on the appearances test to decide this case.
    For a criticism of appearance ethics, see P.W. Morgan & G.H. Reynolds, The Appearance of Impropriety (1997).

[6]Plaintiff also points to statements made by Judge DeMent that he had observed pertinent representations made by Scott and Dees on television.  But we doubt that Congress intended to disqualify judges based on representations that a judge saw on television years before the case was filed in his court.
    Plaintiff also argues that Judge DeMent's associations with Dees and Scott create an appearance of impropriety that warrants recusal.  Judge DeMent's relations with these persons, when viewed in the light of the overall circumstances, probably do not create even an appearance of impropriety.  We have previously recognized that "an inescapable part of our system of government [is] that judges are drawn primarily from lawyers who have participated in public and political affairs."  State of Alabama, 828 F.2d at 1543 (quoting Curry v. Baker, No. 86-7639 (11th Cir. Sept. 24, 1986) (Vance, J. mem.).  And we cannot expect, nor do we require, judges to eliminate all relations outside of their judicial roles.

8

education institutes under Title VI. The case was assigned to Judge Clemon, who – as a lawyer – had previously represented different plaintiffs in another Title VI desegregation case against some of the same defendants. Although Judge Clemon explained that his involvement was limited to representing black high school principals (who were not parties to the State of Alabama litigation) in a race discrimination suit,[7] we concluded that "[e]ven this limited involvement [] left Judge Clemon with knowledge of facts that were in dispute in the instant case." Id. at 1545. Even though the underlying issue in State of Alabama (desegregation of state institutes of higher education) was not about racial discrimination against high school principals, the question of whether black high school principals suffered racial discrimination ultimately became a factual issue in the case; and the plaintiff presented testimony and exhibits about the status of the state's black high school principals. Thus, Judge Clemon was confronted with evidence about which he had prior knowledge based on his role as counsel of record in a separate lawsuit.

Likewise, Plaintiff argues that representations made during the 1970 BASS litigation in which Judge DeMent was then counsel of record may potentially

[7]The case on which Clemon worked was one of many cases captioned Lee v. Macon County Bd. of Educ., some of which did not include the claims against higher education institutes.

9

become an issue in the present litigation. This contention seems plausible. If the district court had concluded that BASS was an unincorporated association in 1967, then Plaintiff apparently would have used the complaint in B.A.S.S. v. United States Steel Corp, the letter to then U.S. Attorney DeMent, and the brief filed by DeMent as evidence that Defendant held itself out as an association when it was actually operating as a for-profit company.

The State of Alabama decision leads us to require recusal here. Because of Judge DeMent's involvement in the earlier BASS litigation, Plaintiff has shown that Judge DeMent may have knowledge of facts in dispute in the present case. That the underlying issue in the present case was not litigated in the 1970 litigation makes no difference. Plaintiff hopes that the evidence may show that in the 1970 BASS litigation, BASS represented itself both as an unincorporated association and a for-profit corporation to then U.S. Attorney DeMent and that DeMent accepted BASS and BASS, Inc. as the same entity. And even if Judge DeMent cannot now recall the specific facts about his involvement in the 1970 BASS litigation, his memory might have sharpened as the litigation advanced. More important, the record is strong enough to presume personal knowledge of facts by virtue of his having participated as counsel of record in the 1970 BASS litigation, litigation that – given the arguments of Plaintiff – concerns (that is, might affect)

10

this proceeding.  Doubt must be resolved in favor of recusal.

We appreciate that judges are often reluctant to recuse themselves and, thereby, to send a tough or unpleasant case to a colleague.  Furthermore, we do not decide or hint today that Judge DeMent either has acted unfairly to the parties as he ruled on this case or has utterly disregarded his ethical duties.  We also recognize that this litigation spans nine years, two states, and numerous appeals.  The record as already developed is extensive.  The federal judiciary has already devoted considerable time and resources to resolve this litigation.  So, many factors make recusal an unattractive course.  But Congress has directed federal judges to recuse themselves in certain situations, and we accept that guidance.  Judges must not recuse themselves for imaginary reasons; judge shopping should not be encouraged.  Still, federal judges must early and often consider  potential conflicts that may arise in a case and, in close cases, must err on the side of recusal.[8]  And if a judge must step aside, it is better to do it sooner instead of later.

---

[8]Defendants suggest in a footnote that, even if Judge DeMent should have disqualified himself, any error was harmless.  See Liljeberg v. Health Serv. Acquisition Corp., 108 S. Ct. 2194, 2203-5 (1988); Parker v. Connors Steel Co., 855 F.2d 1510, 1526-27 (11th Cir. 1988).  Because of the many rulings by Judge DeMent that pre-dated the summary judgment decision, see, e.g., Murray v. Sevier, 50 F. Supp. 2d 1257 (M.D. Ala. 1999); Murray v. Sevier, 993 F. Supp. 1394 (M.D. Ala. 1997), some of which involved exercises of discretion, we conclude that the harmless error standard is practically unworkable and, thus, inappropriate here.  See Liljeberg, 108 S. Ct. at 2205 ("[Harmless error] relief is [] neither categorically available nor categorically unavailable for all § 455(a) violations.").

III.

At oral argument, Plaintiff's counsel suggested that we must still resolve the transfer issue even if we concluded that Judge DeMent should be recused. We disagree.

Both Plaintiff and Defendants have spent a considerable portion of their briefs arguing the merits of the Kansas court's transfer order. But we "lack[] appellate jurisdiction to review the decision of a district court in another circuit," Roofing & Sheet Metal Serv., Inc. v. La Quinta Motor Inns, 689 F.2d 982, 986 (11th Cir. 1982). See also Moses v. Business Card Express, Inc., 929 F.2d 1131, 1136 (6th Cir. 1991); Linnell v. Sloan, 636 F.2d 65, 67 (4th Cir. 1980). Plaintiff followed the proper avenue of review by filing a petition for mandamus in the Tenth Circuit to enjoin the transfer. A two-judge panel from the Tenth Circuit denied the writ of mandamus. Further review of that decision must be pursued to the Supreme Court.

If our recusal decision had gone the other way, we would have jurisdiction to review the Plaintiff's motion in the Middle District of Alabama for transfer back to the Kansas district court. See Roofing & Sheet Metal, 689 F.2d at 989 ("[T]his

12

court would naturally have jurisdiction to review the disposition of [a motion to retransfer].").  See also Brock v. Entre Computer Ctr., Inc., 933 F.2d 1253, 1257 (4th Cir. 1991); Moses, 929 F.2d at 1136.  Because we conclude that Judge DeMent should have recused himself, we will not review the substance of his denial of Plaintiff's motion to retransfer.  But we note that "[i]f the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end." Christianson v. Colt Indus. Operating Corp., 108 S. Ct. 2166, 2179 (1988) (concluding that adherence to law of the case doctrine obviates the need to review "every marginal jurisdictional dispute."); see also Doko Farms v. United States, 861 F.2d 255, 256-57 (Fed. Cir. 1988) ("[Appellee]'s argument persuades us that the [transfer] question is close.  Under such circumstances, to engage in a full review would be contrary to law-of-the-case principles.").

VACATED and REMANDED for assignment to another district judge in the Middle District of Alabama and for further proceedings.