[This opinion has been published in *Ohio Official Reports* at 175 Ohio St.3d 1245.]

**IN RE DISQUALIFICATION OF HEJMANOWSKI AND CHAMBERLAIN.**

**MCGEE *v*. POND, TRUSTEE OF THE ROBERT J. POND TRUST.**

**[Cite as *In re Disqualification of Hejmanowski and Chamberlain*,**

**2024-Ohio-4477.]**

*Judges—Affidavits of disqualification—R.C. 2101.39 and 2701.03—Affiant has failed to present any evidence that one of the judges he challenges is assigned to preside in underlying case or that the other judge he challenges currently has a conflict of interest in underlying case or is biased or prejudiced against him—A judge who has recused from a case may resume hearing it once the cause for the recusal has ceased to exist—Affidavit dismissed in part and denied in part.*

(No. 24-AP-097—Decided August 2, 2024.)

ON AFFIDAVIT OF DISQUALIFICATION in Delaware County Court of Common Pleas, Probate and Juvenile Division, Case No. 2105 0646 PCI.

_____

**KENNEDY, C.J.**

{¶ 1} David Pond, trustee of the Robert J. Pond Trust and defendant in the underlying civil probate case, has filed an affidavit of disqualification pursuant to R.C. 2101.39 and  2701.03 seeking to disqualify Judge David A. Hejmanowski of the Delaware County Court of Common Pleas, Probate and Juvenile Division, and Judge C. Douglas Chamberlain, a retired judge sitting by assignment in a related guardianship case, from presiding over the probate case.  The judges each filed a response to the affidavit of disqualification.

{¶ 2} As explained below, Pond has not established that Judge Hejmanowski should be disqualified.  Moreover, Judge Chamberlain cannot be disqualified from a case that the judge is not presiding over.  Therefore, the affidavit

of disqualification is dismissed as to Judge Chamberlain, and the affidavit of disqualification is denied as to Judge Hejmanowski. The case shall proceed before Judge Hejmanowski.

## Probate-Court Proceedings

{¶ 3} The averments in Pond's affidavit of disqualification are not models of clarity. According to the affidavit and the judges' responses, in *In re Guardianship of Pond*, Delaware C.P. No. 2102 0198 PGU, Judge Hejmanowski appointed Attorney Adriann McGee as the guardian of the estate of Pond's mother, Mary Ann Pond. On September 6, 2022, Judge Hejmanowski recused himself from the guardianship case, and Judge Chamberlain was assigned to that matter.

{¶ 4} In 2021, McGee, in her capacity as the guardian of the estate for Mary Ann Pond, filed the underlying civil probate case against Pond in his capacity as trustee of the Robert J. Pond Trust. A hearing was scheduled for July 22, 2024.

{¶ 5} Pond filed this affidavit of disqualification on July 8.

## Affidavit-of-Disqualification Proceedings

{¶ 6} R.C. 2101.39 provides that if a probate judge "allegedly has a bias or prejudice for or against a party or a party's counsel in a proceeding pending before the judge, allegedly otherwise is interested in a proceeding pending before the judge, or allegedly is disqualified to preside in the proceeding," then that party or the party's counsel may file an affidavit of disqualification with the clerk of this court.

{¶ 7} Pond alleges that Judge Hejmanowski acknowledged a conflict of interest between him and the parties in the guardianship case and that the parties in that case are the same as the parties in the underlying case. Therefore, he claims, Judge Hejmanowski should be disqualified from presiding over the underlying case.

{¶ 8} Pond further asserts that Judge Chamberlain has been assigned as Judge Hejmanowski's "backup" in the underlying case, and based on Judge

2

Chamberlain's behavior and conduct in 2022 and 2023 during the guardianship proceedings, Pond apparently contends that Judge Chamberlain should be disqualified from presiding over the underlying case.

{¶ 9} In response to the affidavit of disqualification, Judge Hejmanowski states that he does not have an interest in and is not biased or prejudiced against any party in the underlying case. The judge acknowledges that he recused himself from the guardianship case because Pond had filed a motion for the judge's magistrate to recuse. That motion led to the assignment of Judge Chamberlain to the guardianship case. Judge Chamberlain denied Pond's motion for the magistrate to recuse on April 18, 2023.

{¶ 10} In response to the affidavit of disqualification, Judge Chamberlain states that he is not biased or prejudiced against any party in the guardianship case.

{¶ 11} Prior to addressing Pond's affidavit of disqualification, a preliminary issue has arisen: whether the affidavit of disqualification against Judge Chamberlain may proceed given that Judge Chamberlain has not been assigned to preside in the underlying case. It cannot.

### A Proceeding Must Be Pending Before the Judge

{¶ 12} Article IV, Section 5(C) of the Ohio Constitution gives the chief justice authority to "pass upon the disqualification of any judge of the courts of appeals or courts of common pleas or division thereof." R.C. 2101.39 provides that "[i]f a probate judge allegedly has a bias or prejudice for or against a party or a party's counsel *in a proceeding pending before the judge*, allegedly otherwise is interested *in a proceeding pending before the judge*, or allegedly is disqualified to preside *in the proceeding* . . . , any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court." (Emphasis added.)

{¶ 13} Under the plain and unambiguous language of R.C. 2101.39, the chief justice's authority to consider the disqualification of judges extends only to

those matters in which a proceeding is pending before the judge. *See also In re Disqualification of Grossmann*, 74 Ohio St.3d 1254, 1255 (1994) (dismissing affidavit of disqualification when matter was pending before another judge of the court).

{¶ 14} Although Judge Chamberlain was assigned to preside in the guardianship case, Pond has failed to present any evidence that Judge Chamberlain is assigned to preside in the underlying case. Therefore, the chief justice lacks authority to decide the affidavit of disqualification as it pertains to Judge Chamberlain. The affidavit of disqualification is therefore dismissed as to Judge Chamberlain.

{¶ 15} This decision now turns to the affidavit of disqualification as to Judge Hejmanowski.

### Disqualification of a Probate-Court Judge

{¶ 16} R.C. 2101.39 provides two specific grounds and a catchall provision for the disqualification of a probate judge. Granting or denying the affidavit of disqualification turns on whether the chief justice determines that the allegations of bias or prejudice, interest, or disqualification set forth in the affidavit exist. R.C. 2101.39 and 2701.03(E).

{¶ 17} The burden falls on the affiant to submit "specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations." R.C. 2701.03(B)(1). Therefore, "[a]n affidavit must describe with specificity and particularity those facts alleged to support the claim." *In re Disqualification of Mitrovich*, 2003-Ohio-7358, ¶ 4.

{¶ 18} Pond alleges two bases for disqualification—that Judge Hejmanowski has a conflict of interest because he previously recused himself from a related case involving the same parties and that the judge is biased and prejudiced against him.

4

{¶ 19} "A 'conflict of interest' means 'a real or seeming incompatibility between one's private interests and one's public or fiduciary duties.'" *In re Disqualification of Bloom*, 2023-Ohio-3384, ¶ 38, quoting *Black's Law Dictionary* (11th Ed. 2019). The term "interest" is not defined in R.C. 2101.39 or 2701.03. The Code of Judicial Conduct requires a judge to disqualify himself or herself in any proceeding in which the judge knows that he or she or a close family member either "[h]as more than a de minimis interest that could be substantially affected by the proceeding" or "has an economic interest in the subject matter in controversy or in a party to the proceeding." Jud.Cond.R. 2.11(A)(2)(c) and (3).

{¶ 20} "The term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.'" *In re Disqualification of O'Neill*, 2002-Ohio-7479, ¶ 14, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463 (1956), paragraph four of the syllabus. "'Bias or prejudice on the part of a judge will not be presumed. In fact, the law presumes that a judge is unbiased and unprejudiced in the matters over which he presides, and bias and prejudice must be strong enough to overcome the presumption of his integrity.'" *Id.* at ¶ 16, quoting 48A C.J.S., Judges, § 108, at 731 (1981). A determination of whether a judge is biased or prejudiced is based on the judge's words and/or actions and whether those words and/or actions convey that the judge is predisposed to a particular outcome of a case. *In re Disqualification of Berhalter*, 2023-Ohio-4881, ¶ 28.

### Analysis

{¶ 21} For the reasons explained below, Pond has not established that Judge Hejmanowski's disqualification is warranted. Because the same evidence is offered in support of both allegations, the allegations are analyzed together.

**{¶ 22}** Pond's assertion that Judge Hejmanowski has a conflict of interest and is biased and prejudiced against him is based on the judge's recusal in September 2022 from the guardianship case. Pond claims that the judge's conflict of interest in that case necessitates the judge's disqualification from the underlying case because the parties in the guardianship case are the same parties in the underlying case. Pond's point of view assumes that the judge's conflict of interest was based on the parties and that a conflict of interest can never abate. But neither of those assumptions is true.

**{¶ 23}** First, Judge Hejmanowski's journalized entry from September 6, 2022, states that the motion filed on June 22, 2022, created the "potential of a conflict of interest" and therefore "further proceedings in th[e] matter [would] be heard by Judge C. Douglas Chamberlain (retired), sitting by assign[ment] pursuant to the . . . Order of Assignment from the Supreme Court of Ohio." That "potential conflict" was a motion for the disqualification of a magistrate pursuant to Civ.R. 53(D)(6).

**{¶ 24}** Civ.R. 53(D)(6) provides that "[d]isqualification of a magistrate for bias or other cause is within the discretion of the court and may be sought by motion filed with the court." Although the Civil Rules authorized Judge Hejmanowski to dispose of the motion for disqualification, he believed that it would be more appropriate for a different judge to dispose of that particular motion. That "potential conflict" abated when Judge Chamberlain denied the motion on April 18, 2023, but Judge Hejmanowski says that he remains recused from the guardianship case. The question here is whether Judge Hejmanowski's recusal from the guardianship case requires his disqualification from the underlying related case.

**{¶ 25}** Pond has not submitted any evidence establishing that the basis of Judge Hejmanowski's recusal in the guardianship case was a conflict of interest with the parties in that case and the underlying case, and according to the judge, he recused himself from the guardianship case because he was the employer and

supervisor of the magistrate whose disqualification was sought. Pond had the burden to "describe with specificity and particularity those facts alleged to support the claim," *Mitrovich*, 2003-Ohio-7358, at ¶ 4. He has failed to do that.

{¶ 26} Moreover, Judge Hejmanowski's conflict of interest in the guardianship case abated after Judge Chamberlain denied the motion for disqualification. It does not appear that any decision of this court has directly addressed whether a judge may hear a case from which he or she recused after the reason for the recusal has ceased to exist. However, the former chief justice determined that when a particular motion creates a conflict of interest, a judge may recuse and obtain the assignment of a visiting judge to hear the motion; then, once the motion has been decided and the disqualification has been removed, the sitting judge may resume hearing the case. *See In re Disqualification of Dellick and Quinn*, 2017-Ohio-5542, ¶ 4.

{¶ 27} Decisions of other courts also provide guidance on the issue.

{¶ 28} Some courts hold that a judge may not recuse from only part of a controversy. In *United States v. Feldman*, for example, the United States Court of Appeals for the Ninth Circuit held that "when a judge determines that recusal is appropriate it is not within his discretion to recuse by subject matter or only as to certain issues and not others." 983 F.2d 144, 145 (9th Cir. 1992). Similarly, the Eleventh Circuit has concluded that "when a district judge considers recusal, he must consider his potential conflict with regard to the overall case, not just his potential conflict for each separate issue or each stage of the litigation." *Murray v. Scott*, 253 F.3d 1308, 1310-1311 (11th Cir. 2001).

{¶ 29} However, the majority rule is that "a judge may, in an appropriate case, decide certain issues and recuse himself or herself as to others." *Ellis v. United States*, 313 F.3d 636, 641-642 (1st Cir. 2002), citing *Pashaian v. Eccelston Properties, Ltd.*, 88 F.3d 77, 84-85 (2d Cir. 1996), and *United States v. Kimberlin*, 781 F.2d 1247, 1258-1259 (7th Cir. 1985). "[T]he reasons for questioning judicial

impartiality in one 'proceeding' of a case do not necessarily obtain in every 'proceeding' of that case." *Decker v. GE Healthcare, Inc.*, 770 F.3d 378, 389 (6th Cir. 2014), quoting 28 U.S.C. 455(a). A change in circumstances may abate the conflict of interest and permit a judge who has recused to resume presiding over a case. *See State v. Scott*, 2008 WL 1700219, *6 (Tenn.Crim.App.). "[A] determination of disqualification will not prevent a judge from reassuming full jurisdiction if the disqualification has been removed." *Matthews v. State*, 313 Ark. 327, 331 (1993). There is no loss of capacity to rule on retained issues when a trial-court judge recuses as to other issues. *Warner v. Rossignol*, 538 F.2d 910, 913, fn. 6 (1st Cir. 1976).

{¶ 30} Ohio has never adopted a statute or rule that requires the disqualification of a judge who has previously recused from a case. Jud.Cond.R. 2.11 dictates when a judge must recuse, and it does not prohibit a judge who recuses from a case from returning to preside over the case once the conflict of interest abates. This decision therefore adopts the majority rule and concludes that a judge who has recused from a case may resume hearing it once the cause for the recusal has ceased to exist.

{¶ 31} In this case, Judge Hejmanowski recused himself because he believed there was a potential conflict of interest when there was a motion seeking the disqualification of his magistrate, whom the judge was employing and supervising. Once Judge Chamberlain denied that motion, the potential conflict of interest abated, and his prior recusal from that case does not prevent him from presiding over the underlying case.

{¶ 32} Pond has not established that Judge Hejmanowski currently has a conflict of interest in the underlying case or that the judge is biased or prejudiced against him. Therefore, this allegation lacks merit.

## Conclusion

**{¶ 33}** The affidavit of disqualification is dismissed as to Judge Chamberlain.  The affidavit of disqualification is denied as to Judge Hejmanowski. The case shall proceed before Judge Hejmanowski.

_____