**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 25-2443**

———————

In re: VALERIE ARROYO, in her personal capacity,

      Petitioner.

———————

On Petition for Writ of Mandamus to the United States District Court for the Middle District of North Carolina, at Greensboro.  (1:24-cv-01075-CCE-JEP)

———————

Submitted:  December 17, 2025                    Decided:  February 24, 2026

———————

Before WYNN and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Valerie Arroyo, Petitioner Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Valerie Arroyo petitions for a writ of mandamus, asking this court to order the district court to vacate its prior judgment. "[M]andamus is a drastic remedy that must be reserved for extraordinary situations." *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018) (internal quotation marks omitted). "Courts provide mandamus relief only when (1) petitioner 'ha[s] no other adequate means to attain the relief [he] desires'; (2) petitioner has shown a 'clear and indisputable' right to the requested relief; and (3) the court deems the writ 'appropriate under the circumstances.'" *Id.* (quoting *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380-81 (2004)); *In re Moore*, 955 F.3d 384, 388 (4th Cir. 2020). The writ of mandamus is not a substitute for appeal after final judgment. *Will v. United States*, 389 U.S. 90, 97 (1967); *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007).

We have reviewed the mandamus petition and conclude that Petitioner fails to show that she is entitled to mandamus relief. Accordingly, we deny the petition. We also deny the pending motions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*